IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL M. DROZDOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-756 |
| | ) | |
| NORTHLAND LINCOLN MERCURY, | ) | Judge Conti |
| | ) | Magistrate Judge Hay |
| Defendant. | ) | |

**O R D E R**

AND NOW, this 25th day of July, 2006, after Daniel M. Drozdowski ("plaintiff"), filed an action in the above-captioned case, and after a Motion for Summary Judgment was submitted by Northland Lincoln Mercury ("defendant"), and after a Report and Recommendation was filed by the United States magistrate judge granting the parties ten days after being served with a copy to file written objections thereto, and upon consideration of the objections filed by defendant which essentially reargues the matters raised in the summary judgment motion,[1] and the response

---

[1] Defendant first argues that the record does not reflect that Northland Ford had knowledge of any disability of plaintiff. The magistrate judge specifically addressed this argument and referenced the facts adduced by plaintiff in finding that summary judgment was not warranted. Report and Recommendation at 8. At best, defendant presents disputed material facts relating to the knowledge of Northland Ford and Cameron Jones. It is for the jury to resolve that dispute.

Defendant's second argument is that the timing of the discharge cannot be utilized to show pretext under Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994). The magistrate judge expressly considered this argument and rejected it. In the report and recommendation, the magistrate judge appropriately related the timing to the five-day period between the purchase of Northland Lincoln Mercury by Cameron Jones and the discharge of plaintiff. The five-day period is a relevant consideration with respect to pretext and this court concurs with the magistrate judge's recommendation.

to those objections filed by plaintiff, and upon independent review of the motion and the record, where it appears drawing all inferences in favor of the non-moving party as required by Federal Rule of Civil Procedure 56(c), plaintiff established a *prima facie* case of disability discrimination in counts I and II of the complaint, and a factual dispute exists concerning plaintiff's retaliatory discharge claims in counts III and IV, and upon consideration of the magistrate judge's Report and Recommendation, which is adopted as the opinion of this court,

IT IS ORDERED that defendant's Motion for Summary Judgment [Docket No. 29] is granted with respect to plaintiff's request for compensatory and punitive damages in count III of the complaint and denied in all other respects.

By the court,

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
United States District Judge

cc:   Honorable Amy Reynolds Hay
      United States Magistrate Judge

      Neal A. Sanders, Esquire
      Law Office of Neal Alan Sanders
      1924 North Main Street Extension
      Butler, PA 16001

      Marie Milie Jones, Esquire
      Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.
      U.S. Steel Tower, Suite 4850
      600 Grant Street
      Pittsburgh, PA 15219